

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :
                            :    CRIMINAL ACTION
   v.                       :
                            :    NOs. 06-076, 06-172
TYREE NESMITH               :

FILED
MAR - 4 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

SURRICK, J.                                    MARCH 4ᵗʰ, 2009

## MEMORANDUM & ORDER

Presently before the Court are Defendant's *pro se* Motions to Reduce Sentence Pursuant to Title 18 U.S.C. § 3582(c) (No. 06-076, Doc. No. 64; No. 06-172, Doc. No. 51). For the following reasons, Defendant's Motions will be denied.

**I.   BACKGROUND**

Defendant is currently in federal custody, serving a sentence of 108 months for drug trafficking and gun offenses. Defendant was charged in two separate indictments, which were consolidated for plea and sentencing purposes. Defendant entered guilty pleas to two counts charging felon in possession of a firearm and two counts charging distribution of crack-cocaine.[1]

The Presentence Investigation Report ("PSR") properly assigned Defendant a base offense level of 24 for his felon in possession violation (No. 06-076) because Defendant had two

---

[1] On Criminal Indictment No. 06-076, Defendant entered a plea of guilty to Count One charging convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On Criminal Indictment No. 06-172, Defendant entered pleas of guilty to Counts One and Two charging distribution of cocaine-base in violation of 21 U.S.C. § 841(a)(1), and Count Four charging convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).
   For the purpose of determining the sentencing guidelines, Counts One, Two, and Four of Criminal Indictment No. 06-172 were grouped together, and Count One of Criminal Indictment No. 06-076 was treated as a separate group.

Defendant's adjusted offense level subtotal was also 24. (*Id.* ¶ 33.) Defendant was properly assigned a base offense level of 12 for the crack-cocaine offenses (No. 06-172) because the total quantity of crack-cocaine was less than 250 milligrams. (*Id.* ¶ 35 (*citing* U.S.S.G. § 2D1.1(c)(14)).) The base offense level was adjusted upward by two levels because of the firearm recovered from Defendant's car at the time of his arrest. (*Id.* ¶ 36.) Therefore, Defendant's adjusted offense level for the crack-cocaine offenses was 14. (*Id.* ¶ 40.) The greater adjusted offense level was 24. (*Id.* ¶¶ 44, 46.) Since Defendant had prior convictions for drug trafficking offenses, Defendant was designated as a career offender and received an adjusted offense level subtotal of 32. (*Id.* ¶¶ 47, 48 (*citing* U.S.S.G. § 4B1.1).) Defendant received a three-level reduction to his offense level for his acceptance of responsibility, resulting in a total offense level of 29. (*Id.* ¶ 51.) Defendant's guideline range was calculated to be 151 to 188 months imprisonment. (*Id.* ¶ 120.)

Defendant moved for a downward departure under U.S.S.G. § 4A1.3(b) based upon Defendant's criminal history category over-representing the seriousness of his criminal history. (No. 06-076, Doc. No. 61; No. 06-172, Doc. No. 46.) The Government did not object. (No. 06-076, Doc. No. 63; No. 06-172, Doc. No. 48.) We granted this request. (*Id.*) We departed below the guideline range and sentenced Defendant to 108 months imprisonment on each of the four counts with the sentences to run concurrently. (No. 06-076, Doc. No. 63; No. 06-172, Doc. No. 48.) Defendant filed the instant motions to reduce his sentence. (No. 06-076, Doc. No. 64; No. 06-172, Doc. No. 51.)

## II.   DISCUSSION

Defendant argues that under the amended sentencing guidelines for crack-cocaine

2

offenses, his base offense level for his crack-cocaine offenses should be 10, with an adjusted offense level subtotal of 12. (No. 06-076, Doc. No. 64 at 5-6; No. 06-172, Doc. No. 51 at 5-6.) Defendant further argues that the Court should depart from the career offender status because Defendant's two prior drug offenses overstate the seriousness of his criminal history. (No. 06-076, Doc. No. 64 at 6; No. 06-172, Doc. No. 51 at 6.) Defendant suggests a sentence of 57 to 71 months and "submits that there are no public safety factors presented in this case . . . that would prohibit the Court from granting [Defendant] the relief which he seeks." (No. 06-076, Doc. No. 64 at 9; No. 06-172, Doc. No. 51 at 9.) The Government responds that Defendant is not entitled to a reduction in his sentence because the pertinent Sentencing Guideline amendment, Amendment 706, does not lower Defendant's guideline range. (No. 06-076, Doc. No. 65 at 5-10.)

Defendant's reduction motion is predicated upon Amendment 706 to the Federal Sentencing Guidelines, which lowers the base offense level applicable to crack-cocaine offenses. Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Sentencing Commission has clarified that a reduction in a term of imprisonment is not consistent with Sentencing Commission policy where "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).
3

The Government argues that Amendment 706 does not affect Defendant's guideline range because (1) his guideline range was based upon his status as a career offender; (2) his underlying guideline range was set by Section 2K2.1, the guideline governing sentences based upon § 922(g) convictions; and (3) the amendment would not lower the guideline range for the drug offenses anyway, because the drug quantity attributed to Defendant carries the same base offense level under both the prior and amended guidelines. (No. 06-076, Doc. No. 65 at 7-9.) The Government's arguments are substantially correct.

Courts have uniformly held that where a defendant is sentenced as a career offender, Amendment 706 has no effect on the defendant's guideline range. *See, e.g., United States v. Rivera*, 535 F. Supp. 2d 527, 529 (E.D. Pa. 2008) (holding that defendant sentenced as a career offender was "not eligible for a reduction under Amendment 706 because the Guidelines range applicable to him remains unchanged"). However, "[i]f the sentencing court determines that the career criminal history category over-represents a defendant's prior offenses under § 4A1.3 and then bases the actual sentence on the otherwise applicable sentence under § 2D1.1, a defendant may argue that the actual sentence incorporates § 2D1.1 for purposes of § 3582(c)(2)." *United States v. Rios*, No. 02-828, 2009 U.S. Dist. LEXIS 11760, at *7 n.2 (E.D. Pa. Feb. 12, 2009). *But see United States v. Crudup*, No. 04-138, 2008 U.S. Dist. LEXIS 94181, at *3-4 (D. Conn. Nov. 18, 2008) (finding that defendant eligible for retroactive sentence reduction only if the crack-cocaine amendments lower defendant's pre-departure guideline range). In this case, however, even though we granted the motion to depart pursuant to Section 4A1.3, Defendant's underlying offense level was set by Section 2K2.1, not Section 2D1.1. (PSR ¶¶ 28, 33, 41, 44, 46; *see also id.* ¶ 134 ("[I]n this case, the quantity of crack cocaine is not relevant to calculating the

defendant's guideline range . . . .").) In addition, to the extent that Defendant is attempting to bring substantive challenges to his sentence apart from the challenge based on Amendment 706, he is not entitled to do so by means of a § 3582(c) motion. *See, e.g., United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) ("Only amendments . . . that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a under § 3582(c)(2)."); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) ("A § 3582(c)(2) motion is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence. Rather, it is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines."). Accordingly, Defendant's Motions will be denied.

   An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CRIMINAL ACTION

v.

TYREE NESMITH : NO. 06-076, 06-172

FILED
MAR -4 2009
MICHAEL E. KUNZ, Clerk
By ____ Dep. Clerk

## ORDER

AND NOW, this 4th day of March, 2009, upon consideration of Defendant's *pro se* Motions to Reduce Sentence Pursuant to Title 18 U.S.C. § 3582(c) (No. 06-076, Doc. No. 64; No. 06-172, Doc. No. 51), and all documents submitted in support thereof and in opposition thereto, it is ORDERED that the Motions are DENIED.

IT IS SO ORDERED.

BY THE COURT:

R. Barclay Surrick, Judge

Fax to:
McKeon
3-4-09